**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**CASE NO:**

SHAUN-MICHAEL DEMETRIUS,

     Plaintiff,

     v.

ESTABLISHED MOVING
OF SOUTH FLORIDA, INC.,
a foreign profit corporation,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, SHAUN-MICHAEL DEMETRIUS (hereinafter "Plaintiff") by and through undersigned counsel, and pursuant to *29 U.S.C. § 216(b),* files his Complaint for Damages and Demand for Jury Trial against Defendant, ESTABLISHED MOVING OF SOUTH FLORIDA, INC. ("ESTABLISHED MOVING" or "Defendant"), and in support alleges as follows:

### INTRODUCTION

1.     Defendant has unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216,* to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2.     During all times material hereto, Plaintiff was a resident of Pompano Beach, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant, ESTABLISHED MOVING, was a foreign profit corporation transacting business within Boca Raton, Florida, within the jurisdiction of this Honorable Court.

4.      ESTABLISHED MOVING operates its principal location at 1 South Ocean Blvd., Suite 203, Boca Raton, Florida 33432.

5.      Defendant, ESTABLISHED MOVING was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6.      All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

7.      Defendant ESTABLISHED MOVING regularly transacts business in Boca Raton, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337.*

8.      Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b).*

## GENERAL ALLEGATIONS

9.      Defendant, ESTABLISHED MOVING, operates a moving and storage company throughout the state of Florida.

10.     Defendant currently operates locations in Palm Beach, Florida, Delray Beach, Florida, Jacksonville, Florida, and Dania Beach, Florida.

11.     In June 2021, Defendant hired Plaintiff to work as a warehouse mover and paid Plaintiff on an hourly basis.

## FLSA COVERAGE

12.    Defendant, ESTABLISHED MOVING, is covered under the FLSA through enterprise coverage, as ESTABLISHED MOVING was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, ESTABLISHED MOVING was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, ESTABLISHED MOVING's business and Plaintiffs' work for ESTABLISHED MOVING affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

13.    During his employment with Defendant, ESTABLISHED MOVING, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: boxes, packing tape, packing paper, plastic wrap, bubble cushioning, plastic baggies, box cutter, labels, markers, dollies, trucks, knee pads, moving blankets, lifting straps, cargo straps, ramps, and trailers, and other moving related items.

14.    Defendant, ESTABLISHED MOVING, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, ESTABLISHED MOVING's business an enterprise covered by the FLSA.

15.    Defendant, ESTABLISHED MOVING, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

16.     Plaintiff was not exempt under the Motor Carrier Act ("MCA"), as Plaintiff's duties did not require him to cross state lines.

17.     Plaintiff's duties were not part of a practical continuous stream of interstate commerce because Plaintiff transported goods that all if not most were manufactured intrastate, and/or sat idle prior to delivery to the final destination.[1]

## FLSA VIOLATIONS

18.     During Plaintiff's employment, the Defendant assigned Plaintiff to work in one or more workweeks in which Defendant failed and refused to compensate Plaintiff in accordance with the overtime provisions under federal law.

19.     Plaintiff was employed with Defendant from June 11, 2021, through July 13, 2021.

20.     During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work as a warehouse mover.

21.     During all times material hereto, Plaintiff was an hourly employee whose regular hourly rate was $16.00 per hour.

22.     Defendant regularly assigned Plaintiff's schedule and controlled the scope of work Plaintiff needed to perform.

23.     Defendant was responsible for creating and implementing the pay policy that is at issue in this case.

24.     During Plaintiff's employment period, he regularly worked approximately fifty (50) hours per week.

---

[1] Plaintiff's primary duties revolved around him working in a warehouse and plaintiff infrequently drove a moving truck.

25.     Because Plaintiff was a non-exempt hourly employee, Defendant was required to pay Plaintiff 1.5 times Plaintiff's regular hourly rate for all hours Plaintiff worked over 40 in a workweek.

26.     Defendant failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week during his employment period.

27.     Defendant's actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

28.     Defendant was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendant could avoid having to pay Plaintiff his lawful (and hard-earned) wages.  Plaintiff is therefore entitled to liquidated (double) damages under the FLSA.

29.     As a result of the above violations of federal law, Plaintiff has had to retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

30.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

31.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

32.     Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate as required by the FLSA for all hours worked in excess of forty (40) in a workweek.

33.     Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew (or should have known) of the overtime requirements of the FLSA, but failed to comply with same.

34.     Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

35.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHAUN-MICHAEL DEMETRIUS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ESTABLISHED MOVING OF SOUTH FLORIDA, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, SHAUN-MICHAEL DEMETRIUS, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 17th of August 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*          
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 17th

day of August 2021.

By: */s/ Jordan Richards*          
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: